[No. 7,085.—Department No. 2.]

## FLETCHER v. MOWER.

PATENT—VENDOR AND VENDEE—CONTRACT FOR SALE OF LAND—SPECIFIC PERFORMANCE—VENDOR'S LIEN—THE BOOTH BILL.—In an action by a vendor of land for a specific performance of the contract, and the enforcement of his lien: *Held*, that the decision of the cause must turn upon the question whether the plaintiff, when he tendered a conveyance of the land to the defendant, had a title thereto such as the parties contemplated at the time they entered into their contract; and *held further*—the question turning upon the validity of the patent discussed in the opinion, and under which the plaintiff deraigned title—that the patent was valid.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

The facts are stated in the opinion.

*Bicknell & White*, for Appellant.

The facts found, taken in connection with the act of Congress, entitled, "An Act relating to indemnity school selections in the State of California," approved March 1st, 1877, (U. S. Stat. 1876-7, p. 267) makes the title of the plaintiff to the land perfect.

*S. F. Leib*, and *J. W. Stump*, for Respondent.

The case does not come within the operation of the Booth bill. The whole object of that bill is to cure selections which were based upon school lands, which, at the date of the selection, *were within the exterior lines of a Mexican or Spanish grant*, but which were not *then* lost, because the grant had not been finally surveyed. There is no finding that such was the case in this instance, and the evidence must be presumed the other way, in support of the general finding of want of consideration.

SHARPSTEIN, J.:

In December, 1875, the plaintiff agreed in writing to convey to the defendant twenty acres of land for $1,000. Defendant paid $500 of the purchase price down, and executed a promissory note for the remaining $500, due eighteen months after its date. Whereupon the defendant took possession of the land.

After the note became due, the plaintiff brought suit on the note, tendered a deed according to agreement, and prayed for judgment against the defendant for the amount due on the note, and that the land be sold, and the proceeds applied in satisfaction of such judgment, etc. Prayer in usual form.

Defendant, by his answer, admits all these facts, but denies that the plaintiff had, at the time of the execution of the agreement, or has now, the legal title to the lands, and alleges that there is an entire failure of consideration for the agreement of defendant and the $500 paid; alleges that the land was public land, subject to the general land laws of the United States, and

that the defendant, being a qualified pre-emptor, entered and settled upon the S. ½ of the NW. ¼ and N. ½ of SW. ¼ of sec. 32, T. 2 S., R. 13 W., S. B. M., which includes the land in controversy, on the 12th day of March, 1876, claiming the same under the pre-emption laws of the United States; alleges the qualification of defendant as a pre-emptor, that he has tendered his filing, proof, and payment in the United States Land Office, etc.

Defendant also alleges that the land in controversy was, until 1871, within the claimed and exterior limits of a valid Mexican grant, and was not subject to selection by the State; that the title of plaintiff is by a patent from the State of California, which patent is alleged to be void.

Defendant also states that he tendered plaintiff the possession of the land, and offered to account for the rents and profits, and demanded a rescission of the contract; and upon these facts, defendant prays that the title of plaintiff be adjudged void, and that plaintiff be enjoined from asserting any title to the land; that the agreement between plaintiff and defendant be rescinded, and that defendant recover judgment for the money paid plaintiff, etc.

Trial was had; judgment rendered for defendant as prayed for; motion for a new trial was made and denied, and this appeal taken from the order denying the motion and from the judgment.

The Court found, among other things, that the approved township plat, including the land in question, was filed in the United States Land Office, April 22nd, 1868; that the land in question was selected by the State Locating Agent as lieu land, and was listed to the State in November, 1871, and that a patent issued from the State to one E. W. Squires; and the defendant in his answer alleges that the plaintiff's claim of title is deraigned through mesne conveyance from said Squires. In other words, it is conceded that the plaintiff, before and at the time of the making of his contract to convey said land to the defendant, had succeeded to whatever right or title Squires acquired by and through the patent issued to him by the State.

The land is conceded to be agricultural land, and it is admit-

ted that the defendant entered into possession under the agree-ment of the plaintiff to convey the land to the defendant.

This land is within a certain tract of land which was taken in lieu of the S. E. ¼ of section 36, T. 4 S., R. 4 W., San Ber-nardino meridian; and the Court found, "that at the time of making said application and selection," the land in lieu of which it was taken " was, and has been ever since, and is now, in place, and is the property of the State of California, and has never been under the claim of any confirmed and finally surveyed Mexican or Spanish grant."

The decision of this cause must turn upon the question whether the plaintiff, when he tendered a conveyance of the land to the defendant, had a title thereto, such as the parties contemplated, at the time of entering into their contract, that he should have and convey to the defendant. That he had a patent from the State is admitted. But it is insisted on behalf of defendant, that, owing to certain inherent vices by which it is infected, it is voidable. We do not think that there can be any doubt as to the patent having vested in Squires and his grantors all the right, title, and interest of the State in and to the land described in it. The Act of March 27th, 1872, (Stat. 1871-2, p. 587) vested any title which the State might have had before that time in him. The plaintiff tendered his deed to the defendant after the passage of what is known as the " Booth bill " (U. S. Stat. 1876-7, p. 267); and under the con-struction which has been given to that act of Congress by both the Secretary of the Interior and the Attorney-General of the United States, the land in dispute was public land at the date of the selection by the State, and it was entirely competent for the United States, as between it and the State, to grant it to the State. We are entirely satisfied with that construction; from which it follows that the conclusions at which the Court below arrived are erroneous.

Judgment reversed, with direction to the Superior Court of Los Angeles County to enter judgment upon the findings for the plaintiff, as prayed for in his complaint.

THORNTON, J., concurred.

I concur in the judgment, for the reason that the defendant does not show such a failure of consideration as will defeat plaintiff's right to recover. As to whether any title passed by the State patent, I express no opinion.     MYRICK, J.